T.C. Memo. 2021-96

UNITED STATES TAX COURT

TODAY'S HEALTH CARE II LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25541-18.                    Filed August 2, 2021.

Corporation C grew, produced, and sold medical marijuana products. On its tax returns for 2014 and 2015, C reduced its gross receipts to account for costs of goods sold ("COGS"), deducted expenses incurred in its marijuana business activities, and deducted portions of a net operating loss ("NOL") carried forward from its marijuana business activities in 2011 and 2012.

R examined C's returns for 2014 and 2015, allowed reductions of gross receipts for COGS, but disallowed deductions (including the NOLs from 2011 and 2012) under I.R.C. sec. 280E. R issued C a statutory notice of deficiency ("SNOD") that determined deficiencies and accuracy-related penalties for C's 2014 and 2015 tax years.

C timely filed a petition to challenge the determinations in the SNOD. C argues that I.R.C. sec. 280E violates the Eighth and Sixteenth Amendments to the Constitution.

**Served 08/02/21**

[*2]        Held:  I.R.C. sec. 280E does not violate the Eighth or Sixteenth Amendment to the Constitution.

Paul J. Valentine and Jared W. Miller, for petitioner.

Rebecca E. da Costa, Alicia E. Elliott, and Rachel J. Zepeda, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge:  Pursuant to section 6212(a),[1] the Internal Revenue Service ("IRS") determined deficiencies in tax and penalties for petitioner, Today's Health Care II LLC ("THC"), and mailed THC a statutory notice of deficiency ("SNOD") on September 26, 2018.  The SNOD determined deficiencies and penalties for THC's 2014 and 2015 tax years as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2014 | $287,750   | $57,550              |
| 2015 | 191,925    | 38,385               |

----

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (26 U.S.C.), as in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

[*3] The deficiencies stemmed from business expense deductions that THC claimed in relation to its marijuana business activities, which the IRS disallowed under section 280E.

THC timely filed a petition for redetermination of the deficiencies in the SNOD. The parties filed a comprehensive joint stipulation of facts and moved to submit this case for consideration without trial under Rule 122, and we granted that motion. The issue to be decided is whether section 280E violates the Eighth or Sixteenth Amendment to the Constitution.

## Background

The facts below are based on the pleadings and the parties' stipulation of facts (including the exhibits attached thereto).

### THC's operations

THC is a Colorado limited liability company that was organized in 2010 for the purpose of doing business as a retail dispensary licensed and authorized to cultivate, manufacture, distribute, and sell medical marijuana products in accordance with Colorado State law. At the time it filed the petition, THC's principal place of business was in Colorado Springs, Colorado. During 2014 and 2015, THC operated a marijuana grow facility and two retail dispensaries in Colorado Springs. THC grew, harvested, and processed marijuana at the grow

**[*4]** facilities and then sold the marijuana and other products including marijuana-infused edibles, creams, concentrates, and paraphernalia at its retail locations.  In each year of operation, THC incurred costs of goods sold ("COGS") and ordinary and necessary business expenses attributable to its marijuana growing and retail operations.

Tax reporting

THC did not account for section 280E on any of its returns from 2010 through 2015; rather, it deducted expenses whose deduction is disallowed by that section.  For 2014 and 2015 (the years at issue), THC elected to be treated as a C corporation for Federal tax purposes and filed Forms 1120, "U.S. Corporation Income Tax Return".  On each Form 1120, THC calculated its total income by subtracting COGS from gross receipts and then claiming deductions from income for ordinary and necessary business expenses attributable to its growing and retail operations.  THC also claimed carryforward deductions for net operating losses ("NOLs") that had been generated from marijuana-business activities in 2011 and 2012.[2]

---

[2]On its 2014 Form 1120, THC reported gross receipts of $2,911,102, COGS of $423,115, business deductions of $2,351,921, an NOL deduction of $136,066, and zero taxable income.  On its 2015 Form 1120, THC reported gross receipts of $3,591,811, COGS of $77,509, gross rental income of $30,000, business

(continued...)

**[*5]** Examination and notice of deficiency

The IRS examined THC's returns for 2014 and 2015. The IRS allowed COGS that THC claimed but made various adjustments to the claimed COGS amounts--recharacterizing, in THC's favor, a portion of THC's business deductions for each year as COGS. The IRS otherwise disallowed under section 280E $846,324 of claimed business expense deductions for 2014 and $561,176 for 2015. (The disallowed amounts included the NOL carryforwards from 2011 and 2012, which the parties stipulated would not have been available if THC had accounted for section 280E in prior years.) On the basis of those disallowances, the IRS issued an SNOD determining deficiencies and accuracy-related penalties for the years at issue.

Petition and other filings

THC timely filed a petition for redetermination of the determinations in the SNOD. The parties filed a joint stipulation of facts and submitted the case under Rule 122. In their stipulation they agree that if the Court determines an underpayment for either year as a result of section 280E, then THC will be liable for the corresponding accuracy-related penalties.

---

2(...continued)
deductions of $3,225,332, an NOL deduction of $6,478, and $312,492 of taxable income.

**[\*6]**                                     <u>Discussion</u>

I.     <u>Burden of proof</u>

In general, the determinations in an SNOD are presumed correct, and the taxpayer bears the burden to prove otherwise.  <u>See</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  The fact that a case has been submitted under Rule 122 "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b); <u>see also</u> <u>Novoselsky v. Commissioner</u>, T.C. Memo. 2020-68, at \*13. In this case, however, the burden of proof does not affect the outcome, because the material facts are not in dispute and the challenge that THC faces is not factual but legal.  THC argues that it is entitled to the disputed claimed deductions because, it contends, the statute that disallows THC's deductions (section 280E) violates the Eighth and Sixteenth Amendments--a contention that this Court has rejected.

II.    <u>Section 280E</u>

Section 280E (entitled "Expenditures in Connection with the Illegal Sale of Drugs") provides as follows:

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which

**[\*7]**   is prohibited by Federal law or the law of any State in which such trade or business is conducted.

THC acknowledges that its marijuana business consists of trafficking in a controlled substance.  It argues, however, that disallowing deductions for its ordinary and necessary business expenses under section 280E violates the Constitution--in particular, the Eighth Amendment (which prohibits "excessive fines") and the Sixteenth Amendment (which authorizes "taxes on incomes").

This Court has previously held, in a precedential Opinion reviewed by the entire Court pursuant to section 7460(b), that disallowing deductions for ordinary and necessary business expenses under section 280E does not violate the Eighth or Sixteenth Amendment.[3]  See N. Cal. Small Bus. Assistants Inc. v. Commissioner, 153 T.C. 65 (2019).  But see id. at 77-90 (Gustafson, J., concurring in part and dissenting in part).  We will not depart from that holding in this case.

---

[3]Pursuant to section 7482(b)(1)(B), venue for an appeal in this case would presumably lie in the U.S. Court of Appeals for the Tenth Circuit, absent stipulation otherwise pursuant to section 7482(b)(2).  That court has held to the same effect.  See Standing Akimbo, LLC v. United States, 955 F.3d 1146, 1157 n.7 (10th Cir. 2020); Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1201-1202 (10th Cir. 2018).

[*8]   To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.